UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERMAN C. FLUELLEN, *Pro Se*, | ) | Case Nos.: 1:10 CV 2053 |
| | ) |             1:07 CR 430 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | <u>ORDER</u> |

This case is before the court on Petitioner Sherman C. Fluellen's ("Petitioner") Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 33). Respondent United States of America's ("Respondent") opposed Petitioner's Motion to Vacate in the form of a Motion to Dismiss the Petition (ECF No. 35). For the following reasons, the court dismisses Petitioner's Motion.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was indicted on August 16, 2007, on two counts of bank robbery. (Indictment, ECF No. 9.) He pled guilty to both counts on December 17, 2007 (Minutes, ECF No. 25.) Petitioner received a sentence on February 25, 2008, of 130 months imprisonment on each count, to run concurrently, and four years of supervised release. (Amended Judgment, ECF No. 29.) He was ordered to pay $1,984 in restitution and a special assessment of $200. Petitioner did not appeal.

Petitioner filed his 2255 Motion on September 14, 2010. Petitioner challenges his sentence on the ground that he was incorrectly classified as a career offender pursuant to United States

Sentencing Guidelines § 4B1.1. Petitioner argues that his prior conviction for attempted escape was classified as a crime of violence and had it been properly classified as a non-violent crime, Petitioner would not have been classified as a career offender when sentenced for the bank robbery by this court. Petitioner further argues that his offense level should have been 23 and his criminal history category should have been V, rather than level 29 and a criminal history of VI that the court adopted. Petitioner maintains that the advisory sentencing range that was applicable to him was 84 to 105 months.

## II. LAW AND ANALYSIS

Section 2255 Motions must be filed within one year of the finalization of a petitioner's conviction. 28 U.S.C. § 2255(f)(1). This court sentenced Petitioner and issued judgment on February 28, 2008 (ECF No. 28). The court issued an Amended Judgment on March 5, 2008. (Amended Judgment, ECF No. 29.) Petitioner did not appeal his conviction within 10 days after the judgment was entered. Petitioner's 2255 Motion was filed on September 14, 2010, outside of the one-year statute of limitations.

Although the one-year statute of limitations can under certain circumstances be extended pursuant to the doctrine of equitable tolling, these circumstances do not exist in this case. In order to be entitled to equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) ("We apply the following factors to determine whether equitable tolling is appropriate: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing

requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."). Petitioner cannot, and has not attempted to, show that he is entitled to this exception.

In any event, 28 U.S.C. § 2255 cannot be used to collaterally attack prior convictions used to enhance sentences. *Daniels v. United States*, 532 U.S. 374, 382 (2001) ("If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255."). Petitioner states that he is making an "actual innocence" claim, but in reality, he is challenging the classification of the prior conviction used to enhance his sentence. Petitioner states in his Motion that he "is actually and factually innocent of being classified as a career offender under U.S.S.G. § 4B1.1, and he is to be resentenced without the career offender application." (2255 Motion, ECF No. 33, at p. 5.) Petitioner relies on cases in which courts found that defendants' convictions were misclassified, but these were all on direct appeal, not on § 2255 motions. Therefore, because Petitioner attempts to collaterally attack the classification of a prior conviction that enhanced his sentence, his § 2255 Motion must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the court hereby dismisses Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 33) and grants Respondent's Motion to Dismiss Petitioner's Motion to

Vacate (ECF No. 35). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

                          /s/ *SOLOMON OLIVER, JR.*
                          CHIEF JUDGE
                          UNITED STATES DISTRICT COURT

November 5, 2010