UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERMAN C. FLUELLEN, *Pro se*, | ) | Case Nos.: 1:10 CV 2053 |
| | ) | 1:07 CR 430 |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Before this court is Petitioner Sherman C. Fluellen's ("Petitioner") Motion for Relief from Judgment Under Rule 60(a) (ECF No. 38). For the following reasons, the court grants Petitioner's Motion.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was indicted on August 16, 2007, on two counts of bank robbery. (Indictment, ECF No. 9.) He pled guilty to both counts on December 17, 2007 (Minutes, ECF No. 25.) Petitioner received a sentence on February 25, 2008, of 130 months' imprisonment on each count, to run concurrently, and four years of supervised release. (Amended Judgment, ECF No. 29.) He was ordered to pay $1,984 in restitution and a special assessment of $200. Petitioner did not appeal.

Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on September 14, 2010. Petitioner challenged his sentence on the ground that he was incorrectly classified as a career offender pursuant to United States Sentencing Guidelines § 4B1.1. Petitioner filed the Motion outside of the one-year statute of limitations applicable to § 2255 motions and attempted to

collaterally attack the classification of a prior conviction, which is impermissible on § 2255 motions. Thus, the court denied the Motion, found that an appeal of its decision could not be taken in good faith, and did not issue a certificate of appealability. Subsequently, the court entered judgment in favor of Respondent and against Petitioner. The Order and Judgment Entry was entered on November 5, 2010 (collectively, "November Judgment"). The docket does not reflect that the November Judgment was sent to Petitioner.

Petitioner filed a Motion for Relief from Judgment Under Rule 60(a) (ECF No. 38) on April 27, 2011. Petitioner asserts that he never received the Order denying his motion or the entry of judgment. He maintains that he discovered that the court had issued a decision on his § 2255 Motion on April 20, 2011 when he "received a copy of [his] docket entry from the [c]ourt in response to the letter [he] wrote concerning the status of [his] case." (Mot. for Relief from J., at 1, ECF No. 38.) Because Petitioner did not receive notice of the decision until April 2011 and the deadline for Petitioner to file an appeal has passed, Petitioner requests that "the court allow him to file his Notice of Appeal after the [c]ourt grants him relief from the November judgment."(*Id.*at 2.) Respondent United States of America has not filed any documents in opposition to the Motion

## II. LAW AND ANALYSIS

Petitioner brings this Motion for Relief from Judgment *pro se* pursuant to Federal Rule of Civil Procedure 60(a). Rule 60(a), in pertinent part, states that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." As a pro se litigant, the court will liberally construe Petitioner's Motion. *Dotson v. Lane*, 360 F. Appx. 617, 620 (6th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Upon review

of Petitioner's Motion, the court finds that the argument presented by Petitioner is not cognizable under Rule 60(a). Instead, Petitioner's claims are cognizable pursuant to Federal Rule of Civil Procedure 77(d) and Federal Rule of Appellate Procedure 4(a)(6), governing when a district court may reopen the time to appeal once that time has lapsed. Therefore, the court will review this Motion as a Motion to Reopen Time to Appeal.

Petitioner asks the court to "take judicial notice under FRCVP R 201[1] of the following facts[:]" (1) The court ordered Petitioner's § 2255 motion dismissed on November 5, 2010; (2) The docket does not contain a note that the clerk sent all parties a copy of the November Judgment; (3) On April 20, 2011, Petitioner received a copy of the docket in his case "in response to a letter [he] wrote concerning the status of [his] case," which informed him that the court had ruled on his habeas petition; and (4) Petitioner's time limit to file an appeal under the Rules had passed by the time he learned of the decision. (Mot. for Relief from J., at 1–2, ECF No. 38.)

The court credits Petitioner's assertion that he did not receive notice of the court's dismissal of his § 2255 motion until April 20, 2011. Additionally, the court takes notice of Petitioner's remaining assertions, as they are fully supported by the docket sheet in the case.

Rule 77(d) provides that "[i]mmediately after entering an order or judgment, the clerk must service notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear" and that the "clerk must record the service on the docket." *Id.* However, the "[l]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate

---

[1] The court notes that Petitioner likely requests judicial notice under Federal Rule of Evidence 201, not under the Federal Rules of Civil Procedure.

Procedure 4(a)._" *Id.* at 77(d)(2). Here, the docket does not contain an entry that the clerk served Petitioner with notice of the November Judgment. Petitioner asserts that he did not receive notice of the November Judgment and would like additional time to appeal because of his lack of notice. However, Petitioner's lack of notice alone does not authorize the court to reopen the time for Petitioner to appeal.

When a party asserts that he did not receive notice of a judgment, "Rule 4(a)(6) allows the district court to extend the time afforded to file a notice of appeal." *Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005) (discussing how the district court granted Appellant's, a state prisoner appealing the denial of his habeas petition, Motion to Vacate and to Reopen Time to Appeal because he did not receive notice of the order disposing of his case, because the court did not serve Appellant). Federal Rule of Appellate Procedure 4(a)(6), governing appeals in civil cases states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Here, Petitioner satisfies the above-delineated conditions. The court finds that Petitoner did not receive notice under 77(d) of the November Judgment sought to be appealed within twenty-one days after entry. Petitioner filed his Motion approximately 173 days after the November Judgment was entered and seven days after Petitioner received notice of the entry, thereby satisfying the

- 4 -

second condition. Additionally, the court finds that no party would be prejudiced by reopening the time to file an appeal. Therefore, the court finds that Petitioner has satisfied all of the elements of Appellate Rule 4(a)(6) and reopens the time for Petitioner to file an appeal in this matter. If Petitioner decides to file an appeal, he must file the requisite notice within 14 days after this Order is entered.

This Order does not change the court's previous Order of dismissal or its certification "that an appeal from [its November] decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability." (November Order, at 4, ECF No. 36.) However, the court recognizes that, at times, the Sixth Circuit takes appeals of § 2255 motions without a district court having issued a certificate of appealability. Therefore, notwithstanding the court's finding on the issue of the appealability of the matter, the court grants Petitioner's Motion.

### III. CONCLUSION

For the foregoing reasons, the court hereby grants Petitioner's Motion for Relief from Judgment (ECF No. 38). Petitioner has 14 days from the date of this Order to file a notice of appeal from the November 5, 2010 Order (ECF No. 36) dismissing his petition. Additionally, Petitioner's Motion for Final Disposition on the Pending Motion for Relief from Judgment Under Rule 60(a) (ECF No. 39) is hereby denied as moot.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 5, 2012